ANTHONY J. ORSHANSKY (SBN 199364)
anthony@counselonegroup.com
JUSTIN KACHADOORIAN (SBN 260356)
justin@counselonegroup.com
**COUNSELONE, PC**
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
T: (310) 277-9945/ F: (424) 277-3727

Attorneys for Plaintiff and the Class Members

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

BELINDA TURNER, on behalf of herself and the Class Members,

        Plaintiff,

    v.

YOUNG ADULT INSTITUTE, INC.; and DOES 1 through 10, inclusive,

        Defendants.

Case No.

**CLASS ACTION COMPLAINT FOR:**
**(1) FAILURE TO PAY MINIMUM WAGES (CAL. LAB. CODE §§ 1182.12, 1194, 1194.2, 1197, 1197.1);**
**(2) FAILURE TO PAY OVERTIME WAGES (CAL. LABOR CODE §§ 510, 1194);**
**(3) FAILURE TO PAY ALL HOURS WORKED (CAL. LAB. CODE § 204);**
**(4) FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE MEAL PERIODS (CAL. LAB. CODE §§ 226.7 & 512);**
**(5) FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE REST PERIODS (CAL. LAB. CODE §§ 226.7);**
**(6) FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES (CAL. LAB. CODE § 2802);**

---

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(7)  **FAILURE TO PROVIDE TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LAB. CODE § 226);**
(8)  **FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS (CAL. LAB. CODE § 1174(d));**
(9)  **FAILURE TO PROVIDE SICK PAY (CAL. LAB. CODE § 246);**
(10) **WAITING TIME PENALTIES (CAL. LAB. CODE §§ 201-203); AND**
(11) **UNLAWFUL BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*).**

**DEMAND FOR JURY TRIAL**

2
**CLASS ACTION COMPLAINT**

Plaintiff Belinda Turner ("Plaintiff"), for her complaint on behalf of herself and others similarly situated, against Defendant Young Adult Institute, Inc. ("Defendant"), alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount controversy exceeds $75,000.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant employs numerous workers, including Plaintiff and Class Members, in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## INTRODUCTION

3. Throughout the relevant time period, Plaintiff and Class Members have been denied payment for all hours worked, including minimum wage and overtime payments, proper meal and rest breaks, and reimbursement for necessary business expenses.

4. Plaintiff brings this class action against Defendant as a result of Defendant's policies and practices as to Plaintiff and Class Members including for:

      (a)    failure to pay minimum wages;

      (b)    failure to pay overtime wages;

      (c)    failure to provide compensation for all hours worked;

      (d)    failure to provide legally compliant meal and rest periods, and pay premiums thereon;

      (e)    failure to reimburse necessary business expenses;

      (f)    failure to provide sick pay;

      (g)    failure to maintain accurate and complete payroll records;

      (h)    failure to provide accurate, itemized wage statements; and

/ / /

3

**CLASS ACTION COMPLAINT**

(i)      failure to pay all wages due timely upon separation from employment.

5.      Plaintiff, on behalf of herself and others similarly situated, seeks compensation, damages, penalties, and interest pursuant to the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein, as a result of the above-stated violations.

6.      Plaintiff, on behalf of herself and others similarly situated, also alleges that Defendant is liable for violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.; "UCL").

7.      Further, Plaintiff seeks reasonable attorneys' fees and costs under the provisions of the California Labor Code and California Civil Procedure Code section 1021.5.

## THE PARTIES

8.      Plaintiff Belinda Turner is an individual over the age of eighteen, and a resident of the State of California. Plaintiff has been employed by Defendant as a Registered Behavioral Therapist from approximately February 28, 2022 to the present at Defendant's location in Lodi, California.

9.      Plaintiff is informed and believes, and on that basis alleges, that Defendant is a New York corporation with its headquarters in New York, New York. However, Defendant is registered to do business in California, and maintains multiple locations in California, including the location that Plaintiff is employed at in Lodi, California.

10.      During the relevant time period herein, Defendant has done business under the laws of California, and has maintained locations in California, including in this judicial district, and has employed Class Members in this District and elsewhere throughout California. Defendant is a "person" as defined in California Labor Code section 18, and an "employer," as that term is used in the California Labor Code, the

IWC Wage Orders regulating wages, hours, and working conditions, and California Business and Professions Code section 17201.

## FACTUAL ALLEGATIONS

11.     Defendant owns and is in the business of operating facilities catering to individuals with intellectual and developmental disabilities. Defendant operates facilities throughout California, and employs hundreds of hourly, non-exempt workers in California.

12.     As referenced above, Plaintiff has worked for Defendant as a Registered Behavioral Therapist at Defendant's Lodi, California location from approximately February 28, 2021 to the present. Plaintiff was, and is, classified as an hourly, non-exempt employee and is paid approximately $28 per hour.

13.     Plaintiff is informed and believes, and on that basis alleges, that Class Members were and are employed by Defendant throughout California, including in this District, and perform work materially similar to Plaintiff's. Defendant pays Class Members, including Plaintiff, on an hourly basis.

14.     In the execution of their job responsibilities, Class Members must adhere to and comply with the established work, time, and compensation policies and procedures.

15.     Defendant determines and controls the common systems and methods for calculating wages, which are then paid to Class Members at the end of each pay period.

16.     As a matter of policy and/or practice, despite frequently working 10 or more hours per day, Plaintiff and Class Members are not compensated for overtime when they exceed 8 hours in a day as mandated by California law. Instead, they only receive overtime pay if their weekly hours worked exceed 40 hours.

17.     Moreover, Defendant fails to properly pay for all hours worked, including all minimum wages and overtime, because of Defendant's routine practice of requiring Plaintiff and Class Members to work off-the-clock and without

compensation. Defendant's policies and practices cause Plaintiff and Class Members to have to work before and after their shifts, while they are not clocked in. Defendant requires Plaintiff and Class Members to perform tasks that would cause them to exceed the time allotted for the scheduled shift.

18.    Defendant also regularly fails to authorize and permit Plaintiff and Class Members to take legally compliant meal and rest periods. Plaintiff and Class Members did not receive proper meal periods until early December 2022. This was due to the fact that, as per policy and procedure, they were required to remain on the clock during their supposed lunch break and continue working. While the situation has recently improved, the practice has not been completely abated.

19.    Despite the changes made to Defendant's policies and procedures, Plaintiff and Class Members continue to be deprived of all legally compliant meal and rest periods. Defendant's policies, practices, and procedures still require Plaintiff and Class Members to routinely forgo their meal and rest periods, take them at a later time, or shorten their duration, without Defendant compensating them with the requisite premium payments for such missed meal and rest periods.

20.    During the relevant time period, Plaintiff and Class Members were not provided proper meal periods when they try to take one. Under California law, meal periods should be thirty minutes long, free from any work responsibilities, and take place within the first five hours of work. Additionally, Plaintiff and Class Members are not provided duty-free, uninterrupted, and timely second meal periods by the tenth hour of work, as also required under California law. Plaintiff and Class Members are also required to remain on the premises during their meal periods—indeed, Plaintiff and Class Members remain on duty throughout their entire shift. As noted above, Defendant has made no premium payments for such non-compliant meal periods.

21.    Further, Plaintiff and Class Members are routinely denied compliant rest breaks. Plaintiff and Class Members regularly miss, work through, are interrupted

**CLASS ACTION COMPLAINT**

during, or are forced to take late rest breaks. Again, as with meal periods, Defendant has made no premium payments for such non-compliant rest breaks.

22.    Plaintiff is informed and believes, and on that basis alleges, that Defendant utilizes and applies these same meal and rest period policies and practices across all Defendant's California locations.

23.    Plaintiff and Class Members are also required to pay out of pocket for necessary business expenses, incurred as required for their work for Defendant. However, these are not reimbursed as required by California law.

24.    In addition, Defendant failed to provide Plaintiff and Class Members wages for sick time pursuant to Labor Code section 246.

25.    Defendant's common course of unlawful wage-and-hour practices also include routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Class Members. In particular Defendant failed, and continues to fail, to record the hours Plaintiff and Class Members work off-the-clock.

26.    Because of the aforementioned violations, Plaintiff and Class Members received inaccurate wage statements, as such statements do not, *inter alia*, include payment for all hours worked, including overtime and premium pay for missed meal and rest periods.

27.    Additionally, Class Members did not receive all wages during employment and following separation from employment, including payment for time spent working off-the-clock and during meal periods, as well as premium payments for noncompliant meal periods and rest periods.

28.    Finally, Defendant's unlawful practices also include the failure to maintain accurate payroll records in violation of California law.

29.    Class Members are employed by Defendant and perform work materially similar to Plaintiff.

30.    Class Members report to facilities owned, operated, or managed by Defendant to perform their jobs.

**CLASS ACTION COMPLAINT**

31.    Class Members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

32.    Class Members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

33.    At the end of each pay period, Class Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

34.    Defendant pays Class Members on an hourly rate basis.

35.    Defendant's method of paying Plaintiff and Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

36.    Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's California facilities.

37.    Defendant knows or should know that its policies and practices are unlawful and unfair.

38.    Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees, in an amount to be determined at trial.

## CLASS ACTION ALLEGATIONS
### (Fed. R. Civ. P. 23)

39.    Plaintiff brings this action as a class action, on behalf of herself and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees employed by Defendant in California any time starting four years prior to the filing of this Complaint until resolution of this action (the "Class" or "Class Members).

/ / /

**CLASS ACTION COMPLAINT**

40.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

41.     **Numerosity**: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 500. This number of Class Members makes bringing the claims of each individual member before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

42.     **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i.      Whether Defendant has failed and continues to fail to compensate Class Members for all hours worked, including minimum wage and overtime compensation, in violation of the California Labor Code and IWC Wage Orders;

ii.     Whether Defendant has a policy and/or practice of requiring Class Members to be in the control of Defendant, spend time primarily for the benefit of Defendant, and work for Defendant off-the-clock and without compensation;

iii.    Whether Defendant has a policy and/or practice of failing to properly pay overtime compensation (at either one and one-half times or double the regular rate of pay) to Class Members in violation of the California Labor Code and IWC Wage Orders;

iv.     Whether Defendant has a policy and or practice of failing to authorize and permit, make available, and/or provide Class Members with compliant

**CLASS ACTION COMPLAINT**

meal and rest periods to which they are entitled in violation of the California Labor Code and IWC Wage Orders;

v.    Whether Defendant has a policy and/or practice of failing to reimburse Class Members for all necessary business expenses, in violation of the California Labor Code;

vi.    Whether Defendant has a policy and/or practice of failing to provide Class Members with timely, accurate itemized wage statements in violation of the California Labor Code and IWC Wage Orders;

vii.    Whether Defendant has a policy and/or practice of failing to maintain accurate payroll records in violation of the California Labor Code;

viii.    Whether Defendant has a policy and/or practice of failing to provide sick pay to Class Members;

ix.    Whether Defendant fails to timely pay Class Members for all wages owed upon separation from employment;

x.    Whether Defendant violates California Business and Professions Code sections 17200, *et seq*.;

xi.    Whether Class Members are entitled to compensatory damages pursuant to the California Labor Code;

xii.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law;

xiii.    Whether Class Members are entitled to attorneys' fees and costs; and

xiv.    Whether Class Members are entitled to interest.

43.    **Adequacy of Representation**: Plaintiff seeks relief for Defendant's state law violations. Accordingly, Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex

**CLASS ACTION COMPLAINT**

cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

44. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

45. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or conflicting  adjudication and outcomes with respect to individual members of the Class, thereby establishing incompatible standards of conduct for Defendant.

46. If each individual Class member were required to file a separate lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

47. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

/ / /

/ / /

/ / /

/ / /

11

**CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## (Failure to Pay Minimum Wages pursuant to Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1)

48.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 47 above as though fully set forth herein.

49.    During the applicable statutory period, California Labor Code sections 1182.12 and 1197 and IWC Wage Order 5-2001 were in full force and effect, and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) per hour commencing January 2022; and at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023.

50.    California Labor Code section 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

51.    IWC Wage Order 5-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

52.    Defendant maintains policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class Members routinely work time off-the-clock without compensation for this time.

12
**CLASS ACTION COMPLAINT**

53.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code sections 1194, 1194.2 and 1197.1.

54.    Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wages pursuant to Cal. Lab. Code § 510)

55.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 54 above as though fully set forth herein.

56.    Defendant does not properly compensate Plaintiff and Class Members with the appropriate overtime rate, as required by California law.

57.    California Labor Code section 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

58.    IWC Wage Order 5-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1

13

½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

59.    California Labor Code section 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

60.    California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

61.    Defendant regularly requires Plaintiff and Class Members to work in excess of eight (8) hours per day and/or forty (40) hours per week, but does not compensate them at the appropriate overtime rate for all this work. For instance, Plaintiff and Class Members are as a matter of policy and procedure not paid for work

**CLASS ACTION COMPLAINT**

in excess of 8 hours a day, and are only paid overtime when working over forty (40) hours a week. Additionally, Plaintiff and Class Members do not receive overtime compensation for time spent working off-the-clock before clocking in and after clocking out when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week. Further, the overtime that was paid to Plaintiff and Class Members was short, as Defendant incorrectly calculated the regular rate of pay for purposes of calculating overtime because Defendant failed to include (1) non-discretionary forms of pay and (2) wage premiums or shift differential pay in regular rate of pay calculations.

62.   Plaintiff and Class Members work overtime hours for Defendant without being paid overtime premium pay in violation of the California Labor Code and applicable IWC Wage Orders.

63.   Defendant has knowingly and willfully refused to perform their obligation to provide Plaintiff and Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and Class Members in amounts to be determined according to proof at time of trial.

64.   Defendant is liable to Plaintiff and Class Members alleged herein for the unpaid overtime and penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs.

65.   Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (Failure to Pay for All Hours Worked pursuant to Cal. Lab. Code § 204)

66.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 65 above as though fully set forth herein.

67.   California Labor Code section 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each

15

calendar month, on days designated in advance by the employer as the regular paydays."

68.     California Labor Code section 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

69.     California Labor Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

70.     California Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

71.     IWC Wage Order 5-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.     Defendant requires Plaintiff and Class Members to work off-the-clock without compensation.

73.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiff and Class Members with compensation for all time worked. Defendant regularly fails to track the time Plaintiff and Class Members actually work and fails to compensate them for all hours worked.

74.     Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff and Class Members' rights. Plaintiff and Class Members are thus entitled to recover

16

**CLASS ACTION COMPLAINT**

nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

75.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

76.     Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## <u>FOURTH CAUSE OF ACTION</u>

**(Failure to Authorize, Permit, and/or Make Available Meal Periods pursuant to Cal. Lab. Code §§ 226.7 and 512)**

77.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 76 above as though fully set forth herein.

78.     Defendant routinely fails to authorize, permit and/or make available compliant meal periods to Plaintiff and Class Members.

79.     California Labor Code sections 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal periods to its employees. California Labor Code sections and the applicable Wage Orders also prohibit employers from requiring an employee to work for more than five (5) hours without providing an uninterrupted meal period of not less than thirty minutes during which the employer relinquishes all control over the employee's time and activities, and also prohibit employers from requiring an employee to work for more than ten (10) hours without providing the employee with a second uninterrupted meal period of not less than thirty minutes subject to the same conditions.

80.     Under California Labor Code section 226.7(b) and the applicable Wage Orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that such meal period was not authorized and permitted. *See Ferra v. Loews Hollywood Hotel*, 11 Cal.5th 858 (2021).

/ / /

**CLASS ACTION COMPLAINT**

81.    Again, unless an employee is relieved of all work duties during a meal period, the employee is considered "on duty" and that meal period must be counted as time worked under the applicable Wage Orders.

82.    Despite these requirements, Defendant has knowingly and willfully refused to perform their obligations to authorize and permit, and/or make available to Plaintiff and Class Members, the ability to take the uninterrupted, duty-free meal periods to which they are entitled. There are compliance issues *vis-à-vis* Plaintiff and Class Members' meal periods—some were late, missed, short, and/or interrupted.

83.    Plaintiff and Class Members are also not provided duty-free, uninterrupted, and timely second meal periods upon reaching the tenth hour of their work shift. Plaintiff and Class Members are further required to remain on the premises during their meal periods—Plaintiff and Class Members remain on duty, required to work throughout their entire shift, including any meal periods.

84.    Furthermore, Plaintiff and Class Members do not receive the requisite premium pay for missed meal and rest periods as required by California law. *See Ferra*, 11 Cal.5th at 858. Defendant has failed, and continues to fail, to pay Plaintiff and Class Members the required one (1) hour of premium pay for each day an uninterrupted, duty-free meal period was not provided.

85.    Defendant's conduct described herein violates California Labor Code sections 226.7 and 512. Therefore, pursuant to California Labor Code section 226.7(b), Plaintiff and Class Members are entitled to compensation for such failure to provide meal periods and premium pay thereon, plus interest, attorneys' fees, expenses, and costs of suit.

86.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

87.    Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

/ / /

**CLASS ACTION COMPLAINT**

### FIFTH CAUSE OF ACTION

**(Failure to Authorize, Permit, and/or Make Available Rest Periods**

**pursuant to Cal. Lab. Code § 226.7)**

88.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 87 above as though fully set forth herein.

89.    Defendant routinely fails to make rest periods available to Plaintiff and Class Members. When available, if ever, their rest breaks are often not compliant. Instead, they are generally untimely, interrupted, and/or shortened.

90.    Plaintiff and Class Members also do not receive premium pay for their missed rest breaks as required by California law.

91.    California Labor Code section 226.7 and the applicable Wage Orders require employers to authorize and permit non-exempt workers to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay non-exempt workers their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

92.    California Labor Code section 226.7(b), Defendant is required to pay an employee denied a legally compliant rest period one hour of pay at the employee's regular rate of compensation for each workday that such rest period was not authorized, permitted, or made available. *See Ferra*, 11 Cal.5th at 858.

93.    Despite these requirements, Defendant knowingly and willfully refuses to perform its obligations to authorize, permit, and/or make available to Plaintiff and Class Members the legally compliant rest periods to which they are entitled. Defendant has failed, and continues to fail, to pay Plaintiff and Class Members the required one hour of pay for each day Plaintiff and Class Members are denied such compliant rest periods. Defendant's conduct described herein violates California Labor Code section 226.7.

/ / /

**CLASS ACTION COMPLAINT**

94.     Therefore, pursuant to California Labor Code section 226.7(b), Plaintiff and Class Members are entitled to compensation for Defendant's failure to authorize, permit, and/or make available compliant rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

95.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

96.     Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

**(Failure to Reimburse Necessary Business Expenses pursuant to**

**Cal. Lab. Code § 2802)**

97.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 96 above as though fully set forth herein.

98.     Defendant does not reimburse Plaintiff and Class Members for all necessary business expenditures and losses incurred in direct consequence of the discharge of their work duties.

99.     California Labor Code section 2802 provides, in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

100.   Defendant fails to reimburse Plaintiff and Class Members for all necessarily incurred business-related expenditures, or losses incurred by Plaintiff and

20

Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Defendant regularly requires Plaintiff and Class Members to pay out-of-pocket expenses in connection with the performance of their daily work assignments.

101.   As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

102.   Defendant is liable to Plaintiff and Class Members for all unreimbursed expenses, as well as penalties and interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs.

103.   Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements pursuant to Cal. Lab. Code § 226)

104.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 103 above as though fully set forth herein.

105.   Defendant does not provide Plaintiff and Class Members with accurate itemized wage statements as required by California law.

106.   California Labor Code section 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee

21

**CLASS ACTION COMPLAINT**

and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

107.   IWC Wage Order 5-2001(7) also establishes this requirement.

108.   California Labor Code section 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

109.   Defendant does not provide timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with California Labor Code section 226(a) and applicable IWC Wage Orders. The wage statements Defendant does provide its employees, including Plaintiff and Class Members, do not, *inter alia*, accurately reflect all hours worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime. In addition, the wage statements Defendant provides do not include premium pay for missed meal periods and rest periods.

110.   Plaintiff and Class Members thus seek to recover actual damages, costs, and attorneys' fees under this section.

111.   Defendant is liable to Plaintiff and Class Members for the amounts described above, in addition to penalties, and interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to California Labor Code section 226(e).

/ / /

22

**CLASS ACTION COMPLAINT**

112.   Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

### (Failure to Maintain Accurate Payroll Records pursuant to
### Cal. Lab. Code § 1174(d))

113.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 112 above as though fully set forth herein.

114.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years.

115.   Defendant has intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily by and the wages paid to Plaintiff and Class Members.

116.   As a result of Defendant's violation of California Labor Code section 1174(d), Plaintiff and Class Members have suffered injury and damage to their statutorily protected rights.

117.   More specifically, Plaintiff and Class Members have been injured by Defendant's intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest in having available, accurate, and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Failure to Provide Sick Pay pursuant to Cal. Lab. Code § 246)

118.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 117 above as though fully set forth herein.

23

119.   California Labor Code section 246(a) states: "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

120.   California Labor Code section 246(b)(1) states: "[a]n employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operative date of this article, whichever is later, subject to the use and accrual limitations set forth in this section."

121.   California Labor Code section 246(l) states:

For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:

a.      Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

b.      Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

c.      Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

122.   Defendant failed to pay Class Members for sick days in a manner that fully complies with California Labor Code section 246.

## TENTH CAUSE OF ACTION

### (Waiting Time Penalties pursuant to Cal. Lab. Code §§ 201-203)

123.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 122 above as though fully set forth herein.

24

124.    Defendant does not provide Class Members who left their employment with Defendant, with their wages when due under California law after their employment with Defendant ended.

125.    California Labor Code section 201 provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

126.    California Labor Code section 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

127.    California Labor Code section 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

128.    Some Class Members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant, which went unrecorded and/or uncompensated, and premium payments for noncompliant meal periods and rest periods.

129.    Defendant willfully refuses and continues to refuse to pay Class Members all the wages that are due and owing to them for the work performed, including but not limited to, uncompensated off-the-clock and overtime, and premium payments for missed meal and rest periods, upon the end of their employment. As a

25

result of Defendant's actions, Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

130.   Defendant's willful failure to pay Class Members the wages due and owing them constitutes a violation of California Labor Code sections 201-202. As a result, Defendant is liable to Class Members for all penalties owing pursuant to California Labor Code sections 201-203.

131.   In addition, California Labor Code section 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Class Members are entitled to penalties pursuant to California Labor Code section 203, plus interest.

132.   Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION

**(Violation of Cal. Bus. & Prof. §§ 17200, *et seq.*)**

133.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 132 above as though fully set forth herein.

134.   California Business and Professions Code sections 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

135.   California Business and Professions Code section 17204 allows a person injured by unfair business acts or practices to prosecute a civil action for violation of the UCL.

136.   California Labor Code section 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

26

137.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.   Violations of California Labor Code sections 200, 204, 1194, 1198 and IWC Wage Order 5-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b.   Violations of California Labor Code section 510 and IWC Wage Order 5-2001 pertaining to overtime;

c.   Violations of California Labor Code section 226.7 and 512 and Wage Order 5-2001 pertaining to meal and rest periods;

d.   Violations of California Labor Code section 2802 pertaining to failure to reimburse all necessary business expenses;

e.   Violations of California Labor Code section 226 regarding accurate, timely itemized wage statements;

f.   Violations of California Labor Code section 1174(d) regarding maintenance of accurate payroll records;

g.   Violations of California Labor Code section 246 regarding provision of sick pay; and

h.   Violations of California Labor Code sections 201-204 pertaining to payment of all wages owed during employment and following separation from employment.

138.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of California Business and Professions Code sections 17200, *et seq*.

/ / /

**CLASS ACTION COMPLAINT**

139.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of California Business and Professions Code sections 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

140.   California Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

141.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable to them.

142.   California Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

143.   Plaintiff and Class Members are entitled to restitution pursuant to California Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

144.   Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

/ / /

**CLASS ACTION COMPLAINT**

145.    There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from any recovery thereof. Attorneys' fees are therefore appropriate pursuant to California Civil Procedure Code section 1021.5 and otherwise.

146.    Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Belinda Turner prays for judgment against Defendant as follows:

1.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

2.    For a declaratory judgment that Defendant has violated the California Labor Code, California law, and public policy as alleged herein;

3.    For a declaratory judgment that Defendant has violated California Business and Professions Code sections 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code;

4.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

5.    For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

6.    For an award of reasonable attorneys' fees as provided by the California Law, including any provisions of the California Labor Code, California Civil Procedure Code section 1021.5, and/or any other applicable law;

7.    For all costs of suit herein;

8.    For interest as provided by applicable law; and

9.    For such other and further relief as this Court deems just and proper.

Dated: July 26, 2023                    **COUNSELONE, PC**

                                        By: /s/ Anthony J. Orshansky
                                            Anthony J. Orshansky
                                            Justin Kachadoorian
                                            Attorneys for Plaintiff

30

**CLASS ACTION COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.

Dated: July 26, 2023                **COUNSELONE, PC**

By: /s/ Anthony J. Orshansky
Anthony J. Orshansky
Justin Kachadoorian
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**